# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| Appeal No. & Caption | 16-1254, Virginia Electric and Power Co. v. Bransen Energy, Inc |
|---|---|
| Originating No. & Caption | 3:14-cv-00538-JAG, Virginia Electric and Power Co. v. Bransen |
| Originating Court/Agency | U.S. District Court Eastern District of Virginia |

| Jurisdiction (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | February 11, 2016 | |
| Date notice of appeal or petition for review filed | March 8, 2016 | |
| If cross appeal, date first appeal filed | no cross-appeal filed | |
| Date of filing any post-judgment motion | none filed by appellant | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | n/a | |
| Time for filing appeal extended to | n/a | |
| Is appeal from final judgment or order? | ● Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-521-4022.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ● No |

01/27/2015
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ● Yes | ○ No |
| Is transcript order attached? | ○ Yes | ● No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is an installment sales contract dispute wherein Appellant Bransen Energy, Inc. sold coal to
VEPCO and further agreed to perform certain services by another contract.  The claims raised by VEPCO were disposed of adverse to Bransen in two orders (1) Opinion and order from cross summary judgment motions (docket no. 71,72) and (2) Opinion and order (docket no. 102, 103, as amended).

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| See attached non-binding statement of issues on appeal. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Virginia Electric and Power Company | Adverse Party: |
| Attorney: J. William Boland, E Duncan Gethchell<br>Address: McGuire Woods, LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219-4030 | Attorney:<br>Address: |
| E-mail: wboland@mcguirewoods.com | E-mail: |
| Phone: 804 775 4374 | Phone: |

| **Adverse Parties (continued)** ||
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Bransen Energy, Inc. | Name: |
| Attorney Address: Sam P. Burchett<br>200 W. Vine Street<br>Suite 720<br>Lexington, KY 40507 | Attorney: Address: |
| E-mail: spburchett@gmail.com | E-mail: |
| Phone: 859 229-0842, 859 226 2100 | Phone: |

| **Appellant (continued)** ||
|---|---|
| Name: | Name: |
| Attorney: Address: | Attorney: Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

Signature: _[signed]_   Date: March 24, 2016

Counsel for: Bransen Energy, Inc.

**Certificate of Service**: I certify that on ___March 24, 2016___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Signature: _[signed]_   Date: March 24, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

APPEAL NO. 16-1254

APPELLANT BRANSEN ENERGY, INC.
SUPPLEMENT TO NON-BINDING
STATEMENT OF ISSUES ON APPEAL

Appellant Bransen Energy, Inc., intends to assert the following issues on appeal.

1.  The Court granted judgment in favor of Appellant Bransen on Plaintiff/Appellee Virginia Electric and Power Company ("VEPCO") claims that Bransen had stolen 41,000 tons of coal previously delivered and paid for by VEPCO. (Trial Transcript, p. 167, lines 4-6). The Court then failed to incorporate that judgment in either its Opinion or Order nor did it deduct from the gross award of damages. This constitutes a judicial error and Bransen intends to seek from the Court of Appeals a ruling that the lower court erred in failing to address this ruling in favor of Bransen in its final Opinion and Order and did not deduct those alleged damages from VEPCO's damages.

2.  Notices of Default /Impossibility of performance.

The Court erred in opining that Plaintiff/Appellee Virginia Electric and Power Company ("VEPCO")'s notices of default under the operative agreements were valid and were compliant with timing requirements when occurring some two and one-half years after the alleged defaults and the admission to then counsel for

Bransen that in March of 2013 that there were no current defaults in order for VEPCO to secure an extension of the land lease.

In addition, while the Court makes light of the impossibility of performance under the demand letters and the involved in such demanded performance Appellant Bransen' to comply with VEPCO'S demands calling such a "kerfuffle" in fact, the Demand Letters constituted a further breach of contracts by demanding Bransen act illegally under applicable Federal Mine Health Safety Administration statutes and regulations the result of which would have been both civil and criminal penalties (including potential incarceration). Bransen intends to fully brief the Court's error in declaring the notices of default compliant and will reference a high profile case in the Fourth Circuit where a mine operator was convicted for failing to follow MHSA statutes and regulations to further demonstrate the very serious nature of compliance with mine safety statutes and regulations, matters this Court ignored.

The Appellant will ask this Court to consider the legality or illegality of actions demanded by VEPCO in those demand letters and to rule those demand letters were not timely and actions demanded constituted the first breach of contract. Doing so would negate all other lower Court ruling in this matter and as the first to breach would result in Bransen prevailing on all matters raised in its counterclaim and court filings.

3.      Failure to integrate agreements/no cross-default provisions.

The Court erred in referring back and forth between the sale of goods documents and the contractor/services agreement regarding contract modifications

to the Uniform Commercial Code and doing so without opining that the operative agreements were fully integrated. Without integration, the Court's logic as to "rejection" rights as spelled out in the Service Agreement fails completely as VEPCO was only rejecting a service performed and was not rejecting coal purchased. In addition no operative contract contained a cross-default provision

The Services Agreement could not be integrated pursuant to its non-integration section agreed to by both parties. Thus alleged defaults/damages under other agreements cannot be interpreted to be a default or damage under the Services Agreement. The District Court blurred those contract legal restrictions and alleged defaults under the one agreement with alleged damages arising from another.

4. No Damages Under Services Agreement negates breach of contract.

The Court ignored the only evidence regarding damages arising from the Services Agreement in that VEPCO's damage expert opined that there were no damages arising from the Services Agreement. With no damages the third element of the breach of contract as to the Services Agreement was not proven and therefore no breach of contract under the Services Agreement. *Filak v. George,* 267 Va. 612, 619, 594 SE.2d 610, 614 (2004).

5. Extending Rejection of a service performed to rejection of goods delivered and accepted by DVP.

The Court opines that DVP properly rejected the 600,000 tons of coal delivered pursuant to the sale of goods agreements, by rejecting the service of putting together three 1500 ton ready piles of coal (previously purchased by VEPCO, owned by VEPCO, on a parcel leased to VEPCO) pursuant to the Services Agreement.

In effect, the lower Court without legal authority or pursuant to contract, concludes that the rejection of a service performed under the Services Contract (and without any integration between sale of goods agreements and the services agreement) constitutes the rejection of the entire 600,000 tons of coal previously purchased and paid for by VEPCO, all completely incongruent to both the sale of goods contracts (installment sale agreements however modified)and Virginia's version of the Uniform Commercial Code. The Services Agreement does not provide for the remedies awarded for rejection of a total of 4500 tons of ready pile coal, the only remedy being a return to the stockpile, previously purchased and owned by DVP. The Court misconstrues this rejection as a rejection of all shipments under an installment contract with no allegations or proof by DVP that it revoked acceptance at any time, no proof that damages arose from the alleged breach of the Services Agreement and no proof that it followed contract language in actually rejecting shipments as opposed to ready piles.

      6.     Court ignored contractual exclusive remedies for Non-Conforming goods.

The exclusive contractual remedies for quality issues arising from sale of coal to DVP arise in Sections 5.2, 5.2 and 5.3 of the pre-COD Confirmation and Section 8.1 of the Master Coal Sale Agreement. DVP personnel testified that those remedies were not invoked. Because the installment sales contracts provided the exclusive remedies the lower Court erred in applying the imposition of damages of $22,894,013 was not supported by evidence, statute or contract.

7.      Other appellate issues.

As this is intended as a non-binding statement of issues, the Appellant reserves the right to raise, on appeal, all appealable issues not specifically set forth herein but preserved in the record by the voluminous briefing for the summary judgment motions as well as pre and post trial briefs and proposed findings of fact and conclusions of law all of which are incorporated herein by reference.

/s. Sam P. Burchett

Counsel to Appellant

Bransen Energy, Inc.